JACOB KAPLAN, PLAINTIFF-RESPONDENT, v. BENJAMIN MERANUS AND NATHAN MERANUS, CO-PARTNERS, TRADING AS MERANUS' MARKET, DEFENDANTS-APPELLANTS.

Submitted October 7, 1947—Decided January 20, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiff-respondent, *Samuel Roessler*.

For the defendants-appellants, *William L. Greenbaum*.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. Defendants appeal from a judgment which was entered in the Essex County Circuit Court against them for $2,500 commissions on an unconsummated sale.

Plaintiff, a self-styled "business broker," sued to recover $2,500 on defendants' alleged oral employment of him to procure a purchaser for the defendants' business at the price of $20,000 for good will and trade fixtures, plus the inventory value of the stock of groceries, meats and liquors, at a compensation of ten per centum of the sale price, exclusive of the value of the stock of liquor; the value of the stock of meats, &c., being estimated by the defendants at $5,000. The complaint alleged the procurement of a prospective purchaser ready, willing and able to purchase on the named terms and the subsequent refusal of the defendants to consummate the deal.

Appellants' first point is that an agreement to lease and a leasehold interest represent an interest in land or real estate; a proposition which, standing alone, presents no issue.

The second point is that the transaction in this case involved an interest in land and the rental of real estate or the negotiation of a lease; and this also, in just those words, presents no issue, because the reference is indefinitely to "transaction" and not to the sale which plaintiff alleged he was employed to negotiate. Defendants were the owners of the real estate where the business was conducted; but the sale of the business did not *per se* entail the continuance of the business at that location. The prospective purchaser and the defendants, when brought together, did discuss the making of a lease; but plaintiff's testimony is that the use or leasing of the real estate had no part in his employment, that the sale he was engaged to negotiate was not conditioned upon and not comprehensive of the use of the real estate and that

he did not participate in the negotiations with respect thereto. Whatever substance there may be in this point is met by the discussion in the next paragraph.

Thirdly, appellants allege error in this portion of the court's charge:

"I might say for your information under the particular circumstances in this case that such an agreement, not being an agreement for the sale of real estate, does not have to be in writing; it may be oral."

The court was, at this juncture, charging on the legal effect of the plaintiff's version of the contract between the defendants and himself concerning the sale of the business. The court had lately referred to the defendants' contention that no agreement for the payment of commissions had been made. The court then referred back to the agreement sued upon, stated that the plaintiff's case called for proof of a direct commission agreement—"* * * if there was not a direct agreement as to commission then there can be no recovery in this case"—and then made the statement to which exception is taken. We interpret the expression as relating to the agreement alleged by plaintiff to have been made with him, and we think that the jury must have had the same understanding. So understood, the charge was legally correct. There is no requirement that the engagement of a broker for the sale of the stock and good will of a business should be in writing. It is not argued that the fixtures were such as to take on the character of real estate. The argument turns upon the effect on the contract between plaintiff and defendants of the proposal between the prospective purchaser and the defendants as to a lease for the real estate.

The fourth point goes to a reason assigned by the judge in refusing to overrule a question. The question had been answered before the ruling was made, and there was no motion to strike. The purport of the question and answer was clear from other testimony. The very next question—which was not objected to—and the answer elucidated the matter fully. Moreover, the exception upon which the point rests was to the allowance of the question, not to the stated reason for the ruling. The point does not present prejudicial error.

It is next said that the court erred in charging the jury that if the plaintiff had satisfactorily proved his case the commission on the value of the stock should be calculated at ten per centum of $5,000. The stated objection is that the value of the stock was in dispute. That which the appellants term a dispute arises from this posture of the testimony: Nathan Meranus, one of the defendants, testified that the stock—independent of liquor—was worth $8,000 or $10,000. It was upon the value of the stock, exclusive of the value of the stock of liquor, that plaintiff's commission on that part of the sale was to be calculated. Benjamin Meranus, the remaining partner, refused to make an estimate; he professed to be unable to say whether the stock was worth $100 or $5,000; his answer was, "I don't know." We do not discover the dispute. Under the proofs the charge was not prejudicial to the defendants.

Finally, it is said that the court erred in denying defendants' motions for a nonsuit and a direction of verdict. The argument rests on the contention that a lease of the real estate was involved and that, therefore, under *Kenney* v. *Paterson Milk and Cream Co.,* 110 *N. J. L.* 141, inasmuch as plaintiff was not a licensed real estate broker, his action should have failed. The distinction is that in the Kenney case the broker sought to recover commissions on a service that patently included the sale of land. In the case under appeal there was, at most, a controverted issue of fact as to whether the employment turned upon or had anything to do with a land transaction. Therefore the motions were properly denied.

We find no reversible error in the grounds of appeal upon which the argued points are rested. The judgment below will be affirmed.